IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OCHOA BROTHERS ) | Case No. 3:23-bk-00095 |
| CONSTRUCTION, LLC, ) | Chapter 7 |
| Debtor. ) | Judge Walker |
| ) | |
| JEANNE ANN BURTON, TRUSTEE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. _____ |
| ) | |
| OAKLEY LUMBER COMPANY, ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendant, for preferential transfers and related relief, and would further state:

### PARTIES

1. Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the estate of Ochoa Brothers Construction, LLC (the "Debtor"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendant.

2. Defendant Oakley Lumber Company ("Defendant") is, upon information and belief, a corporation organized under the laws of the State of Tennessee and may be served with process c/o Desiree Oakley, President, 707 42nd Avenue North, Nashville, Tennessee 37209.

### JURISDICTION AND VENUE

3. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

4. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 547 and 550, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

BACKGROUND

7. Upon information and belief, the Debtor was a company specializing in construction and remodeling projects.

8. The Debtor filed a voluntary Chapter 7 petition with this Court on January 13, 2023 (the "Petition Date").

9. The Trustee was appointed by the Court as Chapter 7 Trustee of the Debtor's estate and, as such, has authority to pursue avoidance actions on behalf of the Debtor and its estate.

10. In the ninety (90) days prior to the Petition Date, the Debtor transferred $53,689.65 (the "Transfers") to Defendant. A listing of those Transfers is attached hereto as <u>Exhibit 1.</u>

11. The Trustee has conducted reasonable due diligence given the circumstances of this case and has taken into account the Defendant's known and/or reasonably knowable affirmative defenses. Based upon that due diligence, and upon information and belief, the Transfers and were:

    a. transfers of an interest of property of the Debtor;

    b. were made to or for the benefit of Defendant;

    c. were made on account of an antecedent debt owed by the Debtor before such transfers were made;

    d. were made while the Debtor was insolvent or presumed insolvent; and

  e.  enabled the Defendant to receive more than the Defendant would have received if (i) this Case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

FIRST CLAIM FOR RELIEF

(Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §547)

12. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 11 of this Complaint.

13. The Transfers are avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and the Trustee may recover the value of the Transfers pursuant to an order of this Court and section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment (i) avoiding each of the Transfers pursuant to section 547(b) of the Bankruptcy Code, and (ii) granting the Trustee a judgment against the Defendant pursuant to section 550 of the Bankruptcy Code for the full amounts of the Transfers, with lawful pre- and post-judgment interest and costs; and (iii) grant such other and further relief, at law or in equity, as is appropriate under the circumstances.

          Respectfully submitted,

          /s/ Phillip G. Young, Jr.
          Phillip G. Young, Jr.
          Thompson Burton PLLC
          6100 Tower Circle, Suite 200
          Franklin, TN 37067
          Tel: (615) 465-6000
          phillip@thompsonburton.com

          Counsel to Jeanne Ann Burton, Trustee

3

Case 3:24-ap-90165 Doc 1 Filed 12/17/24 Entered 12/17/24 11:06:17 Desc Main
Document Page 3 of 4

**EXHIBIT 1**

| Date | Payee | Check | Amount | Bank |
|---|---|---|---|---|
| 11/23/22 | Oakley Lumber Company | Check 1165 | $805.69 | Truist |
| 12/7/22 | Oakley Lumber Company | Check 1170 | $24,364.67 | Truist |
| 1/3/23 | Oakley Lumber Company | Check 1053 | $28,519.29 | First Citizens |
| | | | **$53,689.65** | |